UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ESTATE OF MARION ROY STEWART, DECEASED                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:26-CV-382-DPJ-ASH

SANDRINI LANDCO, LLC, ET AL.                              DEFENDANTS

ORDER

On May 29, 2026, Defendants EDP Renewables North America LLC, Pearl River Solar

Park, LLC, and Sandrini Landco, LLC ("Removing Defendants"), removed this case to this

Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.[1] In their notice of

removal, Removing Defendants note that Plaintiff "alleges that he is a citizen of Mississippi."

Notice [1] ¶ 9. As for their citizenship, they assert:

- Sandrini Landco, LLC, is a Delaware LLC whose sole member, EDP Renewables of

  North America, LLC,[2] is also a Delaware LLC. *Id.* ¶ 11.

- Pearl River Solar Park, LLC, is a Delaware LLC, "none of whose members are

  Mississippi citizens." *Id.* ¶ 12.

- EDP Renewables North America, LLC, is a Delaware LLC whose sole member is EDP

  Renewables, S.A., "a corporation organized and existing under the laws of Spain."[3] *Id.*

  ¶ 13.

---

[1] Removing Defendants assert that Defendant B&B Electrical & Utility Contractors, LLC, is improperly joined so its admitted Mississippi citizenship should be disregarded for purposes of assessing the propriety of removal. B&B has filed a motion to dismiss. Mot. [3].

[2] It is not clear if Sandrini's member, EDP Renewables of North America, LLC, is the same entity as co-Defendant EDP Renewables North America, LLC.

[3] For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of "every . . . foreign state by which it has been incorporated *and* of the . . . foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). Removing Defendants do not disclose the principal place of business of Defendant EDP.

These allegations are not sufficient to meet Removing Defendants' burden to show that removal is proper by "distinctly and affirmatively alleg[ing]" their citizenship. *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 259 (5th Cir. 2008). Specifically, "to establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every LLC.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)). "[N]egative allegations of citizenship," such as the allegation that none of Pearl River's members are Mississippi citizens, "are insufficient to satisfy the burden of the party asserting diversity." *Bluestone Partners, LLC v. Lifecycle Constr. Servs., LLC*, No. 4:22-CV-422, 2022 WL 22695308, at *1 (E.D. Tex. July 22, 2022).

Additionally, Defendants have failed to comply with Federal Rule of Civil Procedure 7.1 and Local Rule 7(c), which require a nongovernmental entity to file with its initial pleading a Rule 7.1 disclosure statement. Effective December 1, 2022, *every* party or intervenor in a case in which jurisdiction is based on diversity must also file a disclosure statement in accordance with Rule 7.1(a)(2). That disclosure statement

> must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2). No Defendant filed a Rule 7.1 disclosure statement with their "first appearance, pleading, petition, motion, response, or other request addressed to the court." *Id.* R. 7.1(b)(1).

Because the Court cannot determine based on the current record whether subject-matter jurisdiction exists, it directs Defendnats to file complete Rule 7.1(a)(2) disclosure statements by

June 15, 2026. Additionally, by the same date, Removing Defendants shall file a response to this Order that explains why the case should not be remanded for lack of subject-matter jurisdiction. Failure to comply with this Order may result in the case being remanded with no further notice.

**SO ORDERED AND ADJUDGED** this the 5th day of June, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

3